IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GARLAND JERMAINE FRANKS, 0017301, :

    Plaintiff, :

vs. : CIVIL ACTION 13-0561-WS-N

OFFICER FRIDLEY, et al., :

    Defendants. :

**REPORT AND RECOMMENDATION**

Plaintiff, a Baldwin County Sheriff's Correctional Center ("jail") pretrial detainee proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review, it is recommended that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.

**I. Complaint.** (Doc. 1).

Plaintiff named as defendants Officers Fridley and Keers for incidents that occurred on June 6, 2013, while he was incarcerated at the jail. (Doc. 1 at 4). Plaintiff alleges that defendant Fridley did not give him his daily lunch tray, and when he asked about it, she told plaintiff that he had already been given a tray. (Id. at 3). When plaintiff asked defendant Fridley to count the trays, plaintiff received no response or action. (Id.). And, when he asked to speak to the shift supervisor, they told him to leave them alone and defendant Keers threatened to spray him with mace and told plaintiff to lockdown. (Id. at 4). Plaintiff refused to lockdown and was sent to

solitary confinement/segregation[1] for nine days as a result of the disciplinary action taken by defendant Fridley. (Id. at 3-4). He remained there for two extra days because the staff refused to answer his grievance and the emergency intercom. (Id. at 3).

For relief, plaintiff wants "the facility to understand that human beings are held here. Whether convicted or not convicted treated fairly whether race, or any other bias allegation against minority. To correct their misconduct[sic]." (Id. at 6).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2] A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff

---

[1] Plaintiff identifies his temporary confinement as segregation and solitary. For the purposes of the Report and Recommendation, the Court will refer to this confinement as segregation.

[2] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

2

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a pro se litigant's allegations, a court holds them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 556 U.S. at 681, 129 S.Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

## III. Discussion.

### A. Claim for One Missed Lunch.

"An individual may bring a private cause of action under 42 U.S.C. § 1983 against any person who, acting under color of state law, abridges rights created by the Constitution and laws

3

of the United States." Harrell v. Florida Parole Comm'n, 479 F. App'x 234, 236 (11th Cir. 2012)[3] (citing Maine v. Thiboutot, 448 U.S. 1, 4–5, 100 S.Ct. 2502, 2504–05, 65 L.Ed.2d 555 (1980)). A "§ 1983 claim[, however,] requires proof of an affirmative causal connection between the defendant's acts or omissions and the alleged constitutional deprivation." Troupe v. Sarasota Cnty., Fla., 419 F.3d 1160, 1165 (11th Cir. 2005) (citing Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir.1986)), cert. denied, 547 U.S. 1112 (2006). Thus, in the present action, it is incumbent on plaintiff to show, in manner that satisfies the pleading requirements of Twombly and Iqbal, a violation of a constitutional or federal right by a defendant in order to state a § 1983 claim. Plaintiff's complaint falls short of meeting this standard.

Plaintiff identifies himself as a pretrial detainee awaiting trial on a criminal charge. (Doc. 1 at 6). His claims, therefore, arise under the Fourteenth Amendment. Goodman v. Kimbrough, 718 F.3d 1325, 1331 n.1 (11th Cir. 2013). And, when a Government detains a person "to ensure his presence at trial[, it] may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." Bell v. Wolfish, 441 U.S. 520, 536-37, 99 S.Ct. 1861, 1873, 60 L.Ed.2d 447 (1979). The standard used to determine if there has been a violation of the Fourteenth Amendment is identical to the standard used to determine if there has been violation of the Eighth Amendment. Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007).

To demonstrate a violation of the Eighth Amendment, an objective component and a subjective component must be satisfied. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). To satisfy the objective component of a conditions-of-

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

confinement claim, the inmate must show the condition was "sufficiently serious." Id. The condition must have denied him the "minimal civilized measure of life's necessities" and must be "extreme" so as to pose "an unreasonable risk of serious damage to his future health[.]" Id.; Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). The subjective component requires that the inmate show that the official was "deliberately indifferent to a substantial risk of serious harm to the inmate." Farmer, 511 U.S. at 828, 838-39, 114 S.Ct. at 1974, 1979.

In the complaint, plaintiff challenges specific conditions of confinement at the jail, beginning with the allegation that defendant Fridley deprived him of lunch on June 6, 2013. (Doc. 1 at 3). The Constitution does not require that places of incarceration be comfortable. Rhodes v. Chapman, 452 U.S. 337, 349, 101 S.Ct. 2392, 2400, 69 L.Ed.2d 59 (1981). All that is required is that the State furnish "its prisoners with reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety." Newman v. Alabama, 559 F.2d 283, 291 (5th Cir.), rev'd in part sub nom. Alabama v. Pugh, 438 U.S. 781 (1978); see Farmer, 511 U.S. at 832, 114 S.Ct. at 1977. "The Constitution requires that prisoners be provided 'reasonably adequate food.'" Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir.), cert. denied, 475 U.S. 1096 (1986). As long as an inmate receives food that is sufficiently nutritious to maintain his health, that is all that is required. Id. In reviewing a food claim, the courts look to the amount and duration of the deprivation of food in determining whether the deprivation is sufficiently serious. Santos v. Flemmings, CA No. 09-0787-TMH, 2009 WL 5068637, at *2 (M.D. Ala. Dec. 17, 2009) (unpublished).

In the present case, plaintiff alleges that he was deprived of only one meal (lunch) on one particular day. No allegations are present describing an injury that he suffered as a result of missing one meal. Thus, the Court concludes that this deprivation is not sufficiently serious so

5

as to satisfy the objective element of a Fourteenth Amendment claim. See Moulds v. Bullard, 345 F. App'x 387, 396 (11th Cir. 2009) (the deprivation of one meal a day while in segregation for 201 days was not of constitutional dimension); Coleman v. Platt, ___ F. App'x ___, 2014 WL 1116711 (5th Cir. Mar. 21, 2014) (unpublished) (finding that "miss[ing] only one meal . . . [did] not rise to the level of a cognizable constitutional injury") (citing cases); Morris v. Kingston, 368 F. App'x 686, 689 (7th Cir. 2010) (finding the missing of 17 meals over a 24-day-period in segregation did not violate the Eighth Amendment because no showing was made that the deprivation caused him serious harm or a lasting injury); Anderson v. Pullom, CA No. 12-0521-WHA, 2012 WL 3846399, at *1 (M.D. Ala. Aug. 13, 2012) (finding that the deprivation of breakfast, which was one of his two meals for the day, did not violate the Eighth Amendment).

Thus, the Court concludes that plaintiff's allegations do not demonstrate a condition that is sufficiently serious that resulted in the deprivation of the minimal civilized measure of life's necessities so as to satisfy the objective component of a Fourteenth Amendment claim. Having found that a sufficiently serious need was not demonstrated, the Court is foregoing addressing the subjective component element of a Fourteenth Amendment claim because both components must be satisfied in order to state a claim. See Collins v. Homestead Corr. Inst., 452 F. App'x 848, 851 (11th Cir. 2011) (unpublished) (affirming district court's dismissal on the basis that one component of an Eighth Amendment claim was not satisfied). Accordingly, the Court finds that plaintiff's claim for the deprivation of one meal fails to state a claim upon which relief can be granted and is due to be dismissed with prejudice.

**B. Claims for Lack of Response to Grievance and to Request and for a Threat.**

Because plaintiff missed a meal and defendant Fridley refused to re-issue him a meal or count the trays as he requested, plaintiff requested to speak to the shift supervisor. (Doc. 1 at 4).

6

Plaintiff was told by defendants "to let them alone" and was threatened by defendant Keers with being sprayed with mace. (Id. at 3-4). Plaintiff further alleges that while he was in segregation, the staff refused to answer his grievance or emergency intercom. (Id. at 4).

The Court will address together plaintiff's allegations that he received no response to either his request to see the shift supervisor or to his grievance. To put these allegations into a constitutional dimension, plaintiff is alleging that he has a right to receive a response from officers to his verbal and written requests.

The Constitution does not require that inmates have a grievance procedure. Wallace v. Hamrick, 229 F. App'x 827, 829 n.4 (11th Cir. 2007) (unpublished); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.) (holding there is no entitlement to a grievance procedure), cert. denied, 488 U.S. 898 (1988); Brown v. G.P. Dodson, 863 F.Supp. 284, 285 (W.D. Va.1994) (ruling inmates do not have a constitutional right to a grievance procedure). Thus, it follows that if an inmate has no constitutional right to a grievance procedure, an inmate has no constitutional right to receive a response to his grievances or to a request made to an officer. Id. (having no constitutional right to a grievance system, no constitutional violation occurs when officials fail to comply with the state's grievance procedure); Mays v. Myers, CA No. 10-0576-WS-B, 2011 WL 2469845, at *7 (S.D. Ala. June 7, 2011) (unpublished) (dismissing as frivolous claim for failure to respond to the inmate's grievances). Accordingly, plaintiff's claims for failure to respond to his request and to his grievance are frivolous and are due to be dismissed with prejudice.

Furthermore, plaintiff complains that defendant Keers threatened to spray him with mace when he asked to speak to the shift supervisor. (Id. at 4). (Defendant Keers also told him to lockdown, which he refused to do. (Id. at 4-5). )

> Inappropriate, derogatory, demeaning, profane, threatening or

abusive comments made by a correctional official to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation. Edwards v. Gilbert, 867 F.2d 1271, 1274 n. 1 (11th Cir.1989) (mere verbal taunts, despite their distressing nature, directed at inmate by officers do not violate inmate's constitutional rights); Ayala v. Terhune, 195 F. App'x 87, 92 (3d Cir.2006) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); McBride v. Deer, 240 F.3d 1287, 1291 n. 3 (10th Cir.2001) ("[A]cts ... resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); see also Sims v. Hickok, 185 F.3d 875 (10th Cir.1999) (finding district court's summary dismissal of inmate complaint for failure to state a claim appropriate because officer's insults, taunts and/or racial slurs did not amount to a constitutional violation); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.1997) (verbal abuse, even if racially or ethnically motivated, does not give rise to a cause of action under § 1983); Ivey v. Wilson, 832 F.2d 950, 954–55 (6th Cir.1987) (verbal abuse alone is not violative of the Eighth Amendment); Gaul v. Sunn, 810 F.2d 923, 925 (9th Cir.1987) (Eighth Amendment trivialized by assertion that mere verbal taunt demonstrates a constitutional wrong); Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir.1986) (mere name-calling did not violate inmate's constitutional rights); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979) (verbal abuse, even a threat of harm, not actionable under § 1983).

Mosley v. Sconyers, CA No. 13-0532-WHA, 2013 WL 4874141, at *3 (M.D. Ala. Sept. 12, 2013) (unpublished). Thus, a claim for a mere threat is frivolous as a matter of law and is due to be dismissed with prejudice.

**C. Claim for Confinement to Segregation.**

Plaintiff claims that he was told to lockdown, but he refused. (Doc. 1 at 3-4). Plaintiff then claims that defendant Fridley "falsely accused" him and took disciplinary action against him, which caused him to be placed in segregation for eleven days even though he was only supposed to stay for nine days. (Id.). Plaintiff's allegations regarding this claim are sparse. No information is given regarding the disciplinary infraction or the grounds for the imposition. The

8

Court is placed in the position of having to surmise facts, which it is not permitted to do. GJR Investments, 132 F.3d at 1369.

Due to the lack of facts, the Court is prevented from discussing plaintiff's claim more concretely. The area of law that typically addresses claims arising from an inmate's change in confinement within an institution is Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), which held that the Constitution was not violated when a prison inmate was placed in segregation for thirty days. Id. at 475, 487, 115 S.Ct. at 2296, 2302; see Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998) (affirming that two months' confinement to administrative segregation was not a deprivation of constitutionally protected liberty interest). But, because plaintiff is a pretrial detainee, his situation is somewhat different than the prisoner in Sandin. Nonetheless, plaintiff's allegations do not inform the Court of the purpose of his placement in segregation. Plaintiff's omission of facts, including information about the purpose of his temporary placement, prevents plaintiff from alleging a claim for a violation of his constitutional or federal rights that is plausible. Kibwika v. Broward Cnty. Sheriff's Office, 453 F. App'x 915, 919 (11th Cir. 2012) (unpublished) (affirming the dismissal of the pretrial detainee's action because he did not allege that lockdown was imposed for punitive reasons, as compared to a legitimate government purpose, and finding his allegation that "defendants placed him 'in a punitive-in-nature disciplinary segregation incarceration and confinement setting' is a legal conclusion"); see Twombly, 550 U.S. at 555, 557, 570, 127 S.Ct. at 1965, 1966, 1974 (holding that "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief'") (second brackets in original). Accordingly, plaintiff's claim based on his segregated confinement fails to state a claim upon which relief can be granted and is due to be

dismissed with prejudice.

Furthermore, plaintiff's stay in segregation for two more days does not present a plausible claim for a violation of the constitution or a federal right. Plaintiff did not demonstrate that his initial placement in segregation violated the Constitution. And, he offers no additional facts to show how the extra two days violated his Constitutional rights. Plaintiff simply asserts that he spent two additional days in segregation without causally connecting this additional stay to either defendant. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir.1986) (in order to state a § 1983 claim, defendant's acts or omissions must be causally connected to the alleged constitutional deprivation), cert. denied, 547 U.S. 1112 (2006). Furthermore, the allegations are unclear and insufficient to determine whether a state law or jail regulation was violated in holding plaintiff two more days. Even so, a violation by the state or an agency of its own rules does not ordinarily violate the Constitution. Smith v. State of Georgia, 684 F.2d 729, 732 n.6 (11th Cir. 1982) ("Not every violation of a state agency of its own rules rises to the level of a due process infringement."); Adams v. Green, No. 2:07-CV-309-WHA(WO), 2007 WL 1663094, at *1 (M.D. Ala. May 18, 2007) (unpublished) (same and citing cases). Accordingly, the Court finds that plaintiff's claim based on the two-day stay in excess of his original term does not state a plausible claim upon which relief can be granted and is due to be dismissed with prejudice.

**D. Application of 42 U.S.C. § 1997e(e).**

Another basis for the dismissal of plaintiff's action is 42 U.S.C. § 1997e(e). This section, which is entitled "Limitation on recovery," provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C § 1997e(e). This section prevents the recovery of compensatory and punitive damages by an inmate when no

physical injury is alleged.  Al-Amin v. Smith, 637 F.3d 1192 (11th Cir. 2011).  However, an inmate's claim for injunctive relief may proceed.  Id. at 1196-97.

In the present action, no physical injury is alleged and plaintiff did not request any damages.  He, instead, made an unclear statement for relief: "the facility to understand that human beings are held here. Whether convicted or not convicted treated fairly whether race, or any other bias allegation against minority.  To correct their misconduct[sic]." (Doc. 1 at 6).  This statement does not demonstrate a connection to the brief facts constituting plaintiff's claims, nor is it specific and directed to either defendant whom he named.

This request, as best the Court can discern, appears to be a request for injunctive relief.  A request for injunctive relief must be specific.  Calloway v. Mason, CA No. 13-0311-TMH, 2013 WL 5441974, at *5 (M.D. Ala. Sept. 27, 2013) (unpublished) (citing FED.R.CIV.P. 65(d) and Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999)).  "'This command of specificity is a reflection of the seriousness of the consequences which may flow from a violation of an injunctive order.'"  Meyer v. Brown & Root Const. Co., 661 F.2d 369, 373 (5th Cir. Nov. 13, 1981) (quoting Payne v. Travenol Laboratories, Inc., 565 F.2d 895, 897 (5th Cir.)), cert. denied, 439 U.S. 835 (1978)).  An injunction that is too broad and vague is unenforceable.  Id.

Initially, the Court observes that plaintiff's request for relief is not clear and does not inform the Court of its connection his claims.  The only portion that is clear is the phrase "to correct their misconduct."  This request is overly broad and sounds similar to an "obey the law" injunction, which is disfavored as it unenforceable.  SEC v. Smyth, 420 F.3d 1225, 1232 n.14 (11th Cir. 2005).  "An injunction must be framed so that those enjoined know exactly what conduct the court has prohibited and what steps they must take to conform their conduct to the law."  Id.  With only scant and vague information contained in plaintiff's request, the Court finds

11

that plaintiff's request for relief fails to state a claim upon relief can be granted.

Furthermore, plaintiff's injunctive relief request is deficient for the reason that plaintiff has not "shown a real and immediate threat of future harm." Elend v. Basham, 471 F.3d 1199, 1207 (11th Cir. 2006). To gain prospective injunctive relief, the injury must be imminent. Id.[4] Plaintiff's allegations, however, do not describe any ongoing or future conduct, just past conduct. Thus, plaintiff failed to show that he would suffer irreparable harm if injunctive relief were not granted. Therefore, plaintiff is not entitled to have injunctive relief issue. Los Angeles v. Lyons, 461 U.S. 95, 111, 103 S.Ct. 1660, 1670, 75 L.Ed.2d 675 (1983) ("The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a '"likelihood of substantial and immediate irreparable injury."'" (quotation omitted)); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 109, 118 S.Ct. 1003, 1019, 140 L.Ed.2d 210 (1998) ("Nothing supports the requested injunctive relief except respondent's generalized interest in deterrence, which is insufficient for purposes of Article III.").

Accordingly, 42 U.S.C. § 1997e(e) is an alternate basis for the dismissal of this action. Because plaintiff did not suffer a physical injury and has not stated a claim for injunctive relief, this action is due to be dismissed without prejudice for failure to state a claim upon which relief can be granted. See Harris v. Garner, 216 F.3d 970, 980 (11th Cir.), ("[D]ismissal under this statutory provision of a claim that is filed during confinement should be without prejudice to re-

---

[4] The elements that must be satisfied before injunctive relief can issue are: "(1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) granting the injunction will not disservice the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

filing the claim if and when the plaintiff is released."), cert. denied, 532 U.S. 1065 (2001).

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, Attorney General, State of Alabama, 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 11th day of June, 2014.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

13